IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Ruth Mozie, | ) | |
| | ) | |
| Plaintiff, | ) | 0:22-cv-02028-MGL |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| American Cast Iron Pipe Company, | ) | |
| Metropolitan Life Insurance Co., | ) | **E.R.I.S.A. - Non-Jury** |
| and the American Cast Iron Pipe | ) | |
| Company Life Plan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ruth Mozie, by and through her undersigned counsel, complaining of the above-named Defendants American Cast Iron Pipe Company, Metropolitan Life Insurance Company, and the American Cast Iron Pipe Company Life Plan, would respectfully show unto this Honorable Court the following:

**PARTIES AND JURISDICTION**

1. Plaintiff Ruth Mozie is a resident and citizen of Fairfield County, South Carolina.

2. Prior to his death, Plaintiff's husband Michael Mozie was employed by Defendant American Cast Iron Pipe Company in South Carolina.

3. Upon information and belief, Defendant American Cast Iron Pipe Company is a corporation formed under the laws of Georgia with its principal offices located in Alabama.

4. Defendant American Cast Iron Pipe Company established a welfare benefit plan for the purpose of providing Basic and Supplemental life insurance coverage to Defendant

American Cast Iron Pipe Company's employees.

5. Plaintiff is informed and believes that the life plan is called the American Cast Iron Pipe Company Life Plan (hereinafter "the Life Plan").

6. Upon information and belief, Defendant Metropolitan Life Insurance Company (hereinafter "Metlife") is a corporation organized under the laws of one or more of the States.

7. Upon information and belief, Defendant American Cast Iron Pipe Company contracted with Defendant Metlife to insure and fund benefits for the Defendant American Cast Iron Pipe Company Life Plan.

8. Defendant Metlife is a fiduciary of the Defendant American Cast Iron Pipe Company Life Plan.

9. Defendant American Cast Iron Pipe Company is the Plan Sponsor and a fiduciary of the Defendant American Cast Iron Pipe Company Life Plan.

10. This court has jurisdiction to hear this matter pursuant to ERISA, 29 U.S.C. § 1132(e).

## GENERAL ALLEGATIONS

11. All other allegations contained herein, to the extent that they are not inconsistent herewith, are incorporated by reference.

12. On or about January 13, 2001, Defendant American Cast Iron Pipe Company hired Plaintiff's decedent Michael Mozie to work as a Machine Operator.

13. Plaintiff's decedent Michael Mozie enrolled for $15,000 in Basic Life Insurance Coverage under the terms of the Defendant American Cast Iron Pipe Company Life Plan.

14. Plaintiff decedent Michael Mozie subsequently enrolled for $100,000 in Supplemental

Life Insurance Coverage under the terms of the Defendant American Cast Iron Pipe Company Life Plan.

15. Plaintiff decedent Michael Mozie named his wife Ruth Mozie as the beneficiary of his Basic and Supplemental group life insurance coverage.

16. After he enrolled in the Life Plan, Plaintiff's decedent Michael Mozie developed multiple myeloma in 2015.

17. Due to his multiple myeloma, Plaintiff's decedent Michael Mozie became disabled, and his last day at work for Defendant American Cast Iron Pipe Company was March 1, 2018.

18. Upon information and belief, the Life Plan document allows continuation of group life coverage for three (3) months after a Participant is no longer actively at work.

19. Defendant American Cast Iron Pipe Company attempted to continue Plaintiff's decedent Michael Mozie for twelve (12) months afer his last day at work.

20. Upon information and belief, Defendant American Cast Iron Pipe Company misinformed Plaintiff's decedent Michael Mozie that he could continue his group life insurance coverages for twelve (12) months if he made premium payments to Defendant American Cast Iron Pipe Company.

21. After he was no longer actively at work, Plaintiff's decedent Michael Mozie made periodic payments to Defendant American Cast Iron Pipe Company, a/k/a American Spiralweld Company, for insurance premiums.

22. Upon information and belief, the Defendant Life Plan allows Plan Participants to port or convert their group life coverage to an individual life insurance policy when their group life coverage ends.

23. Upon information and belief, Defendant American Cast Iron Pipe Company and Defendant Metlife each had a duty, under the terms of the Defendant Life Plan, to inform Plaintiff's decedent Michael Mozie of his right to port or convert his Basic and Supplemental group life coverage to an individual life insurance policy when his group life coverage ended.

24. Upon information and belief, Defendant American Cast Iron Pipe Company and Defendant Metlife each failed to inform Plaintiff's decedent Michael Mozie that the Defendant Life Plan only allowed continuation of life insurance for up to three (3) months after a plan participant is no longer actively at work.

25. Upon information and belief, Defendant American Cast Iron Pipe Company and Defendant Metlife each failed to inform Plaintiff's decedent Michael Mozie of his right to convert or port his group life insurance coverage as an individual policy when his group life coverage ended three (3) months after his last day at work.

26. Upon information and belief, Defendant American Cast Iron Pipe Company terminated all benefits for Plaintiff's decedent Michael Mozie on March 31, 2019.

27. Upon information and belief, Defendants American Cast Iron Pipe Company and Metlife never at any time informed Plaintiff's decedent Michael Mozie of his right to convert or port his group life insurance coverage to an individual policy.

28. In light of his terminal illness with multiple myeloma, Plaintiff's decedent Michael Mozie would have converted his Basic Life Insurance and his Supplemental Life Insurance to an individual life policy if Defendants had informed Plaintiff's decedent Michael Mozie of his right to do so under the terms of the Defendant Life Plan.

29. Plaintiff's decedent Michael Mozie passed away due to multiple myeloma on May 2, 2020.

30. On February 26, 2021, Plaintiff Ruth Mozie filed a claim for Basic and Supplemental life insurance benefits with Defendant Metlife under the terms of the Defendant American Cast Iron Pipe Company Life Plan.

31. On April 16, 2021, Defendant Metlife denied Plaintiff's claims for Basic and Supplemental life insurance benefits, stating that:

> The Plan provides that life insurance coverage may continue while an employee is not Actively at Work for up to three (3) months. The Plan also provides that life insurance coverage ends when a Plan Participant's employment ends. Here, the decedent was not Actively at Work for two years and two months. When the decedent passed away on May 2, 2020, his group life insurance had already expired, pursuant to the terms and conditions of the Plan.

32. On or about May 10, 2021, Plaintiff timely appealed Defendant Metlife's 4/16/21 denial decision.

33. On July 28, 2021, Defendant Metlife denied Plaintiff's appeal.

34. Upon information and belief, Plaintiff has exhausted her administrative remedies under the terms of the Defendant American Cast Iron Pipe Company Life Plan.

35. On April 21, 2022, Plaintiff's undersigned counsel wrote to Defendant American Cast Iron Pipe Company to request the following documents:

> **Pursuant to ERISA § 502, please provide me with a complete copy any and all conversion or portability notices sent to Michael Mozie when he stopped working with your company.** *As you know, Mr. Mozie was suffering with multiple myeloma at the time he stopped working, so his life insurance was critically important for his family's financial security.*

(emphasis in original).

36. According to the certified mail receipt, Defendant American Cast Iron Pipe Company received Plaintiff's counsel's request for conversion and/or portability notices on April 28, 2022.

37. To date, Defendant American Cast Iron Pipe Company has not responded to Plaintiff's counsel's request for conversion and/or portability notices.

## FOR A FIRST CAUSE OF ACTION
**Breach of Fiduciary Duty, Pursuant to 29 U.S.C. § 1104;
Estoppel and Surcharge, Pursuant to 29 U.S.C. § 1132(a)(3)**

38. Plaintiff re-incorporates all other allegations herein, where not inconsistent, as if fully set forth herein.

39. Defendant American Cast Iron Pipe Company is the Plan Sponsor and a fiduciary of the Defendant Life Plan.

40. Defendant Metlife is the insurer and plan fiduciary for the Defendant Life Plan.

41. As fiduciaries of the Defendant Life Plan, Defendants American Cast Iron Pipe Company and Metlife each owed a duty to give Plaintiff's decedent Michael Mozie complete and accurate information as to his rights to port or convert his Basic and Supplemental Life Insurance to an individual policy when his group life coverage terminated.

42. Pursuant to 29 U.S.C. § 1104, Defendants American Cast Iron Pipe Company and Metlife each had a duty to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

43. Defendant American Cast Iron Pipe Company misinformed Plaintiff's decedent Michael Mozie regarding the length of time that Plaintiff's decedent could continue his group life insurance coverage after he was no longer actively at work, so that Plaintiff's decedent's time to port or convert his group life coverage had already expired when Defendant American Cast Iron Pipe Company terminated Plaintiff's decedent's benefits on March 31, 2019.

44. Defendants American Cast Iron Pipe Company and Metlife each breached their duties under ERISA and under the terms of the Defendant Life Plan to inform Plaintiff's decedent Michael Mozie of his right to port or convert his group life insurance coverage into an individual life insurance policy.

45. Pursuant to 29 U.S.C. §1132(a)(3), under the facts and circumstances of this case, this Court should equitably estop Defendants American Cast Iron Pipe Company and Metlife from asserting that Plaintiff's decedent Michael Mozie was not insured for $15,000 in Basic Life Insurance and for $100,000 in Supplemental Life Insurance under the Defendant Life Plan on the date of his death.

**FOR A SECOND CAUSE OF ACTION**
**Claim for Administrative Penalties, Pursuant to 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)**

46. Plaintiffs re-incorporate all other allegations herein, where not inconsistent, as if fully set forth herein.

47. On April 21, 2022, Plaintiff's undersigned counsel requested information and documents from Defendant American Cast Iron Pipe Company pursuant to 29 U.S.C. §1132(c) and 29 C.F.R. Section 2560.503-1.

48. Defendant American Cast Iron Pipe Company never responded to Plaintiff counsel's request for documents pursuant to 29 U.S.C. §1132(c) and 29 C.F.R. Section 2560.503-1.

49. Pursuant to 29 U.S.C. §1132(c), based on Defendant American Cast Iron Pipe Company's refusal to supply requested information, Plaintiff seeks an administrative penalty of $110 per day.

## FOR A THIRD CAUSE OF ACTION
### Claim for Attorneys Fees, 29 U.S.C. § 1132(g)

50. Plaintiffs re-incorporate all other allegations herein, where not inconsistent, as if fully set forth herein.

51. Plaintiff seeks an award of attorneys fees and costs associated with the above-captioned action, pursuant to 29 U.S.C. §1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, having fully stated her Complaint against Defendant American Cast Iron Pipe Company, Defendant Metlife, and Defendant American Cast Iron Pipe Company Group Life Plan, Plaintiff respectfully prays for the following:

(A) Pursuant to 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1104, the Court order appropriate equitable relief in the form of the equitable doctrine of estoppel, so as to estop Defendants from asserting that Plaintiff's decedent's Basic and Supplement Life insurance coverages expired prior to his death on May 2, 2020;

(B) Pursuant to 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1104, the Court decree appropriate equitable relief in the form of an injunction directing Defendants to pay $15,000 in Basic Life Insurance benefits and $100,000 in Supplemental Life

Insurance benefits to Plaintiff as beneficiary of her husband Michael Mozie.

(C) Pursuant to 29 U.S.C. §1132(a)(1)(A), Plaintiff seeks the administrative penalty arising from Defendants failure to provide requested information, pursuant to 29 U.S.C. §1132(c)(1), of $110 a day from the date of such failure or refusal as the court may in its discretion order such other relief as it deems proper; and

(D) Attorneys fees and costs, pursuant to 29 U.S.C. §1132(g)(1); and

(E) Other such equitable relief as the Court may deem appropriate pursuant to 29 U.S.C. §1132(a)(3).

**WHEREFORE**, Plaintiff Ruth Mozie prays for judgment directing Defendant Metropolitan Life Insurance Company and American Cast Iron Pipe Company to pay Plaintiff Basic and Supplemental Life Insurance benefits pursuant to the Defendant American Cast Iron Pipe Company Life Plan as alleged herein, together with attorneys fees and costs, and all such further relief as the Court deems just and proper.

Respectfully Submitted:

s/John R. Peace
John Robert Peace, SC Bar #15521, Fed. ID# 7411
John Robert Peace, PA
PO Box 8087
Greenville, SC 29604-8087
Ph:    (864) 298-0500
Fax:   (864) 271-3130
John@PeaceLawFirm.com

**Attorney for Plaintiff Ruth Mozie**

June 27, 2022